The judgment of the court was pronounced by
Rost, J.
The defendant, through his broker, Mussina, entered into the following contract with the plaintiffs : “ I have this day purchased from Messrs. Price & Frost, for Hiram A. Tucker, Esq., 1500 barrels full branded mess pork, at $10 per barrel, to be delivered in New Orleans, at Bozant's or Holmes’ inspection, from the loth April to the 1st of May next, at the option of the seller, giving the purchaser five days notice, within the time named, each party to deposit in the Canal Bank, one dollar per barrel, for the faithful performance of his contract, the forfeiture of which annuls the same.
(Signed,) J. Mussina, Broker.
New Orleans. March 27th, 1'849.”
“In lieu of the within named deposit, it is agreed to receive as deposit 170 barrels mess pork, placed in the hands of Schultz, Hadden, Sf Leach.
(Signed,) H. A. Tucker.”
The plaintiffs allege, that Tucker is in default, and has failed to comply with his contract; that he is absent from the State, and that the firm of Millbank Sf Co. were, at the time the contract was entered into, and still are, his agents. This action is brought against the latter in their capacity of agents, to recover the penalty stipulated. The answer admits the contract and the agency of Millbank Sf Co., and avers, that on the 30th April, 1849, he was ready and willing to comply with his agreement, and that the plaintiffs were duly notified thereof, but that they failed and refused to carry out said agreement, and to deliver ,1500 barrels of pork as therein stipulated. He claims the penalty as due to him. There was judgment in favor of the plaintiffs for the pork deposited with Schultz, Hadden Sf Leach, and the defendants appealed.
The case turns upon a question of default. The defendant contends, that there is no evidence in the record to show that he was put legally in default, and that the demand was not made in presence of two witnesses. Patterson, the clerk of the plaintiffs, deposes that he made the demand and tendered the warehouse orders for the pork to the defendant, in presence of Mussina, who also swears to the fact. At a subsequent call of the same witness, Mr. Pres-bury was present. At this, or another call, the witness Martin was also present. *515 This evidence establishes the demand in presence of two witnesses. Godefroy v. Alderson, 4 L. R. 230. Wilbro v. McGillicuddy, 3 L. R. 385. Hyde v. Grigsby, 11 L. R. 240. Baily v. Stetson, 1st Ann. 332.
But, besides this, on these demands, Mr. Millbank promised, without objection, that the money should be paid within banking hours. He made this promise upon the certificate of his own broker, that the bill and orders of the plaintiffs were correct. It is said, he could recall it when he was subsequently apprized that two of the orders, each for 100 barrels of pork, had been refused acceptance. However this may be, the orders were made good during business hours of that day, and the plaintiffs’ agent had no pretext to withhold payment. It is shown, that after this Mr. Millbank offered one of the plaintiffs his check for the amount, but that he refused to take the check, unless he kept the orders in his own possession until the check was paid. It was then arranged that Mr. Presbury, who happened to be in Millbank's office at the time, should hold both the orders and check, till they could enquire at the bank if the check was good. Mr. Frost and Mr. Presbury then went to the City Bank, on which the check was drawn, but found the bank closed. Mr. Presbury then proposed to hold possession of the check and orders, and to give his own check to the plaintiffs, which the latter were ready to accept. When Mr. Millbank. however, returned to the office and was informed of what had passed, he refused his assent to such an arrangement, giving as a reason that the orders were not good, and he could not, get the pork within the time of the conclusion of the contract, at three o’clock. That he, therefore, considered the contract forfeited, and would claim the forfeiture in the hands of Schultz, Hadden Leach. The time for completing commercial contracts, is not limited to bank hours ; nor is there any thing in the form of the contract in this case making an exception to the general rule, that a party has the whole business day to deliver or to pay. The plaintiffs were anxious to be paid before three o’clock, because they required the amount due them to make their bank account good. Their demand of payment as made did not change the original contract.
It is urged, that the judgment should have been for the specific deposit originally made in the Canal Bank, and not for the pork, which was simply deposited to secure the penalty. The first agreement was, to make in .the Canal Bank a deposit of $1500, forfeiture of which would annul the contract. To this deposit, the parties subsequently agreed to substitute a deposit of 170 barrels of mess pork. The first deposit no longer had any existence, and the forfeiture could only attach to the second.
The judgment is therefore affirmed, with costs.